**LEVER BROTHERS COMPANY, Complainant, v. COOK, SWAN & YOUNG CORPORATION, Defendant.**

**Percy L. YOUNG and Harold W. Young, Interveners-Appellants, v. Mark W. MACLAY et al., Appellees.**

No. 180.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1932.

Kohlman, Austrian & Lance, of New York City (Saul J. Lance, of New York City, of counsel), for receivers-appellees Mark W. Maclay et al.

Franklin & Hicks, of New York City (Hamilton Hicks, of New York City, of counsel), for interveners-appellants.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Order and decree affirmed.

**L. HIRSCHBERG & CO., Inc., Appellant, v. THE S. S. CATERINA GEROLIMICH, Navigazione Generale Gerolimich and Compania Societa in Azioni, Appellee.**

**NAVIGAZIONE GENERALE GEROLIMICH and Compania Societa in Azioni, Cross-Appellee, v. L. HIRSCHBERG & CO., Inc., Cross-Appellant.**

Nos. 47, 48.

Circuit Court of Appeals, Second Circuit.

Nov. 9, 1931.

Finkler & Finkler, of New York City, for Hirschberg.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (L. De Grove Pot-

ter and John J. Heckman, both of New York City, of counsel), for Gerolimich.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Decree [43 F.(2d) 248] affirmed.

**William MILLER, Appellee, v. GREAT LAKES STAGES CO., Inc., Appellant.**

No. 84.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

Lathrop & Whiting, of Buffalo, N. Y. (Clinton H. Lathrop, of Buffalo, N. Y., of counsel), for defendant.

White & Rugg, of Buffalo, N. Y. (Ford White, of Buffalo, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

In this case the only question is whether the facts were so clearly in the defendant's favor as to require the direction of a verdict; that is, whether no reasonable men could accept the plaintiff's version. Though we should all have decided otherwise, were we upon the panel, and the evidence is such as to make it a close question whether we should intervene, we are not satisfied that it is so extreme a case as to justify this unusual action. We cannot believe that the plaintiff's car was pushed for so long a distance, either upright or upset; but that belief is founded upon our general notions in which it is conceivably possible that we may be mistaken. On the whole record we are not prepared to say that the case should have been taken from the jury.

Judgment affirmed.